## Conewago Township v. Ladd

*Donald B. Hoyt,* for plaintiff.
*Michael W. Flannelly,* for defendant.

HORN, *J.,* July 7, 1992—This matter is before the court on defendant's preliminary objections to plaintiff's second amended complaint. For the reasons stated in this opinion, we shall grant defendant's preliminary objections.

On May 24, 1990, plaintiff filed a complaint against defendant with District Justice Estep. On November 20, 1990, plaintiff filed a zoning enforcement complaint (original complaint) against defendant, in the Court of Common

Pleas of York County, following an appeal by defendant from a decision of the district justice in favor of the township.

The original complaint alleges that on October 30, 1986, the Conewago Township Zoning Hearing Board granted the defendant a three-year special exception for a caretaker dwelling on certain premises in Conewago Township.

Defendant's special exception expired on October 30, 1989, but defendant continued to use and occupy the caretaker dwelling until June 14, 1990. Plaintiff alleges that defendant's conduct was in violation of the Conewago Township Zoning Ordinance, subjecting defendant to penalties of $500 per day under the Ordinance and/or the Pennsylvania Municipalities Planning Code.

On December 7, 1990, defendant filed preliminary objections to plaintiff's original complaint. In an opinion dated December 2, 1991, we rejected defendant's first demurrer, holding that plaintiff could bring a valid enforcement action pursuant to section 710 of the Ordinance. We sustained defendant's second demurrer, because the plaintiff had failed to plead that it had sent the defendant notice of the civil enforcement proceeding pursuant to 53 P.S. §10616.1.

According to 53 P.S. §10616.1, a municipality shall initiate a zoning enforcement action by sending an enforcement notice as specified in the statute. The statute spells out six specific facts which must appear in the notice:

"(1) The name of the owner of record and any other person against whom the municipality intends to take action.

"(2) The location of the property in violation.

"(3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.

"(4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

"(5) That the recipient of the notice has the right to appeal to the zoning hearing board within the prescribed period of time in accordance with procedures set forth in the ordinance.

"(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described." 53 P.S. §10616.1(c)

In plaintiff's second amended complaint, filed on December 26, 1991, plaintiff alleges that it has complied with the notice requirements of 53 P.S. §10816.1 via a letter dated July 31, 1989, in combination with subsequent telephone and in-person conversations with defendant. It is alleged that all notices were sent before October 30, 1989, the date that the special exception expired.

On January 2, 1992, defendant filed preliminary objections to plaintiff's second amended complaint in the nature of a demurrer. Defendant argues that even if the letter is read in a light most favorable to plaintiff, the letter clearly fails to include the specific requirements of 53 P.S. §10616.1(c)(5) and (6). Defendant adds that the verbal notifications are of no legal consequence because the statute provides that only a written notification will suffice.

In response, plaintiff argues that neither 53 P.S. §10616.1 nor any other section of the Planning Code requires that the notice in question be sent in writing to be effective. Plaintiff then avers that notice has been

consistently defined as knowledge and that which is communicated to a person by direct information, whether written or oral.

As an example, plaintiff states that under both the Uniform Commercial Code and the Uniform Partnership Act, notice sent and received orally can be valid. Finally, plaintiff concludes that the important question is whether the information was communicated, and as long as the information reaches the intended recipient, the means of communication are irrelevant.

We conclude that plaintiff has failed to comply with the notice requirements of 53 P.S. §10616.1. First, 53 P.S. §10616.1(a) provides that the municipality shall send an enforcement notice if it appears that a violation of any zoning ordinance *has* occurred. The alleged notices sent by plaintiff could not have been notices of an enforcement proceeding because they were sent before there was or could have been a violation of the Ordinance.

A reading of the letter confirms that it was not intended to be notice of an enforcement proceeding. The letter merely informed defendant that the special exception was due to expire on October 30, 1989, (three months hence), that an extension would not be granted, and that defendant should obtain a tax certification prior to removal of the mobile homes.

Finally, we conclude that all six factors required by 53 P.S. §10616.1(c) must appear in *one written* notice. We interpret this statute narrowly because the primary purpose of this notice requirement is to alert a defendant to the possibility of legal action, the adverse consequences of failing to comply, and the procedure to be followed. Requiring the six factors to be in writing is a statutory condition precedent to suit which reduces the possibility of confusion and misunderstanding on the part of a de-

fendant and enables the court to objectively verify that the important notice was, in fact, sent.

## ORDER

And now, July 7, 1992, we grant Thomas E. Ladd's preliminary objections in the nature of a demurrer to plaintiff's second amended complaint.